

**Todd M. Nosher, Partner**

tnosher@mblawfirm.com
973.319.1662 Direct

3 Becker Farm Road
Roseland, New Jersey 07068
973.736.4600 Main
973.325.7467 Fax

570 Lexington Avenue, 21st Floor
New York, New York 10022
212.776.1834 Main
www.mblawfirm.com

February 3, 2026

**VIA CM/ECF**

The Honorable Cari Fais
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, NJ 07101

Re:   *RWJ Barnabas Health Inc. v. NHMHMC LLC, et al*., 25-cv-17594
      **Defendants' Response to Plaintiff's Second Letter Request for a Rule 16 Conference**

Dear Judge Fais:

This firm represents Defendants NJMHMC, LLC d/b/a Hudson Regional Hospital ("**NJMHMC**"); 29 E. 29th Street Holdings, LLC ("**29 E. 29th Street**"); NJBMCH, Inc. ("**NJBMCH**"); Bayonne Medical Center OPCO, LLC ("**BMC OPCO**"); Hudson Regional Management, LLC ("**HRM**"); and Hudson Regional Hospitals, LLC ("**HRH LLC**") (collectively, the "**Defendants**") in the above-captioned case ("**Action**"). We write in response to Plaintiff RWJ Barnabas Health Inc.'s ("**Plaintiff**" or "**RWJB**") February 2, 2026 letter ("**Letter**") restating its request that the Court schedule a Rule 16 conference, or otherwise enter a scheduling order, so as to allow all other attendant deadlines and tasks to follow, including a Rule 26(f) Conference and Joint Discovery Plan. In fact, Plaintiff is even suggesting that the Parties "begin discovery."[1] Defendants respectfully oppose RWJB's request on multiple grounds.

*First*, the request violates at least L. Civ. R. 16.1(a)(1), which states "[t]he initial conference shall be scheduled within 60 days of filing of an initial answer unless deferred by the Magistrate Judge due to the pendency of a dispositive or other motion."[2] No answer or responsive pleading has been filed here. And pursuant to the Parties' stipulation, no responsive pleading will be filed until at least 30 days after Plaintiff's service of the operative, unredacted complaint, which has not yet happened. Dkt. No. 20.

---

[1] Plaintiff first made this request by letter dated Dec. 4, 2025, which remains pending. Dkt. No. 17.

[2] Defendants anticipate filing a motion to dismiss should RWJB ever comply with its service requirements under Rule 4, and subject to the Parties' stipulation regarding the timing of responsive pleadings. *See* Dkt. No. 20. That motion will likely address, *inter alia*, subject matter jurisdictional defects, improper venue and other issues that counsel against accelerated discovery.

February 3, 2026
Page 2 of 4



Recognizing the infirmity of its position, and in trying to circumvent Local Rule 16.1, RWJB seemingly asks this Court to enter a Scheduling Order without a Rule 16 conference or 26(f) report and conference. *See* Letter at n.3 ("Local Rule 16(a) [sic] relates to Rule 16(a) conferences, not Rule 16(b) orders. As to the latter, Local Rule 16(b) [sic] provides that 'at or after the initial conference, the Judge shall … enter a scheduling order.' But this does not preclude a Court from issuing a scheduling order within the time prescribed by Federal Rule of Civil Procedure 16(b).").[3] This request defies logic and screams of desperation.

*Second*, Plaintiff's request seeks to upend the Parties' stipulation regarding the timing of responsive pleadings and, in turn, the deadlines attendant thereto. Plaintiff recognized, as it must, that Defendants could not respond to such a heavily redacted complaint, and therefore agreed by stipulation, that "the time for Defendants to Answer or otherwise respond to Barnabas's Complaint ('Complaint') be extended from December 12, 2025 to no later than thirty (30) days after Barnabas provides a copy of the Unredacted Complaint in this Action to Defendants via email to Defendants' counsel." Dkt. No. 20. Plaintiff cannot change course now. Indeed, its argument that "the limited redactions in the current complaint do not foreclose starting discovery or establishing a schedule" is an indefensible about-face and could eventually result in the need for repeat discovery.

And *third*, Plaintiff concedes that this Court has full discretion to defer a Rule 16 conference for good cause. There can be no better cause than when a party has been denied the opportunity to review the full allegations against it, as is the case here. Indeed, Defendants continue to be prejudiced by having to litigate premature discovery issues without knowing the full allegations leveled against them. That RWJB's litigation strategy has backfired by creating self-inflicted service hurdles is of no consequence and should not prejudice Defendants.

The recent *PCT* case is instructive here. *PCT Litig. Tr. v. Oval Labs, Inc.*, 2025 WL 2027049, at *2 (Bankr. D. Del. July 18, 2025). In *PCT*, the court held that:

> In filing and serving the redacted complaint, the Plaintiff relies on a Stipulated Protective Order entered by the Court in the main bankruptcy case…**The redactions in the filed complaint…are significant**. The complaint redacts the names of certain declarants who testified to facts that make up the basis of the claims against the Defendants. Entire sections of questions and answers from depositions are redacted. Alleged correspondence is also redacted. **The Court finds the redaction of facts, including the identity of the declarants of such facts, in a complaint fundamentally unfair, and if permitted, would have the effect of preventing the Defendants from knowing fully the claims being made against them. Simply stated, it is unfairly prejudicial for a defendant to defend itself against claims without knowing the full contents of the complaint**. Not only is it prejudicial, but the redaction of the names of the declarants will cause needless expense and delay, with the burden shifting to the Defendants to serve discovery requests on every

---

[3] Defendants presume Plaintiff is referencing Local Rules 16.1(a) and 16.1(b).

February 3, 2026
Page 3 of 4



> possible declarant in a hunt for who said what. Under these circumstances, the Court finds service of process was insufficient.

*Id*. at *2 (emphasis added).

Defendants are similarly prejudiced here. The complaint is substantially redacted with numerous pages almost entirely blacked out.[4] A handful of those pages are reproduced below to demonstrate the vast extent of the omissions that Defendants face.



Dkt. No. 1 at 28–29, 32–36, *et seq*.

It remains unclear why Plaintiff believes Defendants should have to litigate discovery and scheduling issues before knowing the full extent of allegations against them—particularly when Plaintiff already recognized that Defendants could not reasonably answer the sealed pleading. Yet Plaintiff continues to multiply these proceedings by filing repeated letters, motions, and other requests attempting to accelerate this case ahead of the deadlines and schedule contemplated by the federal and local rules.[5] It must stop now.

---

[4] Plaintiff disingenuously states that "the limited redactions in the current complaint do not foreclose starting discovery or establishing a schedule." Letter at 2. But, as shown here, the redactions are not limited. It also disingenuously suggests that Defendants refused to meet and confer. They did not. Defendants simply restated their objections to scheduling conferences, setting discovery schedules and starting discovery, all before having access to the unsealed complaint. That position is reasonable.

[5] Defendants reserve all rights and will seek recourse should RWJB continue to needlessly multiply these proceedings.

February 3, 2026
Page 4 of 4



RWJB further maintains its position that it may proceed with identical claims against Defendants in two separate actions. It cannot. Not surprisingly, Plaintiff fails to explain why it filed the same claims against Defendants in two separate actions, beyond its obvious reasons of gamesmanship. In fact, Plaintiff readily admits that its claims against Defendants are identical in both matters, making this case a mere strategic ploy to circumvent the hurdles it faces in the CarePoint Action.

Unless and until Plaintiff serves the unredacted complaint, Defendants should not be prejudiced in having to litigate premature discovery issues any further. Plaintiff should either serve its unsealed complaint or dismiss the case and stop wasting the time and resources of Defendants and this Court.

We thank the Court for its time and attention.

Respectfully submitted,

**MANDELBAUM BARRETT PC**

*/s/ Todd M. Nosher*
Todd M. Nosher

cc: All counsel of record (via CM/ECF)