Steven I. Adler
Todd M. Nosher
Grant Petrosyan
**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
sadler@mblawfirm.com
tnosher@mblawfirm.com
gpetrosyan@mblawfirm.com
Phone: 973-736-4600
Fax: 973-325-7467

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RWJ BARNABAS HEALTH, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**NJMHMC, LLC D/B/A HUDSON REGIONAL HOSPITAL; 29 E 29TH STREET HOLDINGS, LLC; NJBMCH, INC.; BAYONNE MEDICAL CENTER OPCO, LLC; HUDSON REGIONAL MANAGEMENT, LLC; HUDSON REGIONAL HOSPITALS, LLC,**<br><br>**Defendants.** | CASE NO. 3:24-cv-10362<br><br>*DOCUMENT ELECTRONICALLY FILED VIA CM/ECF* |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
## REGARDING CONFIDENTIALITY ORDERS

1

Defendants NJMHMC, LLC d/b/a Hudson Regional Hospital ("**HRH**"); 29 E. 29th Street Holdings, LLC ("**29 E. 29th Holdings**"); NJBMCH, Inc. ("**NJBMCH**"); Bayonne Medical Center OPCO, LLC ("**BMC OPCO**"); Hudson Regional Management, LLC ("**HRM**"); and Hudson Regional Hospitals, LLC ("**HRH LLC**") (collectively, "**Defendants**"), by and through their undersigned counsel, Mandelbaum Barrett PC, respectfully oppose Plaintiff RWJ Barnabas Health, Inc.'s ("**RWJB**" or "**Plaintiff**") premature and improper motion ("**Motion**") to "*Amend/Correct the Confidentiality Order in the CarePoint Action and for Entry of a Confidentiality Order in the HRH Action.*" *See* Dkt. No. 22

## INTRODUCTION

Defendants are not opposed to a properly negotiated discovery confidentiality order ("**DCO**") entered at the appropriate time pursuant to the federal and local rules. But that is not what Plaintiff is seeking here. Instead, this is another unavailing attempt by RWJB to accelerate this case beyond the timing and schedule contemplated by those rules. Defendants continue to be prejudiced by having to litigate discovery issues without having the benefit of knowing all of the pleaded allegations against them—with service of the unredacted complaint still outstanding.[1] That RWJB's litigation strategy has now backfired by creating self-inflicted service hurdles is of no consequence and should not place Defendants at a disadvantage here.

Moreover, RWJB continues to brazenly treat this case—in which it has yet to serve the operative, unredacted Complaint on any Defendant—and Civil Action No. 22-cv-05421-EP-CF, *CarePoint Health Management Associates LLC et al. v. RWJ Barnabas Health Inc.* (hereinafter,

---

[1] *See, e.g.*, *PCT Litig. Tr. v. Oval Labs, Inc.*, 2025 WL 2027049, at *2 (Bankr. D. Del. July 18, 2025) ("it is unfairly prejudicial for a defendant to defend itself against claims without knowing the full contents of the [partially redacted] complaint…[u]nder these circumstances, the Court finds service of process was insufficient.").

2

the "**CarePoint Action**") as consolidated matters. But the cases are not consolidated. Nor could they be for at least the reasons set forth in Defendants' opposition to RWJB's consolidation request. *See* Dkt. No. 14.

RWJB also maintains its position that it may proceed with duplicative claims against Defendants in two separate actions. It cannot. Of course, Plaintiff still fails to explain why it filed identical claims against Defendants in two separate actions, beyond its obvious reasons of gamesmanship. Plaintiff instead admits that its claims against Defendants are identical in both matters (*see* CarePoint Action, Dkt. No. 324-1), making this case a mere strategic ploy to circumvent the hurdles it faces in the CarePoint Action.

Make no mistake, Plaintiff's consolidation request seeks to render its pending motion for leave to implead Defendants in the CarePoint Action (including the requisite burdens thereunder)—and the Court's decision on that motion—moot. But RWJB's end around strategy is prohibited by law and has only created unnecessary work for Defendants and the Court.[2] Stated differently, these procedural tactics attempt to build a security net should the Court deny Plaintiff's pending motions in the CarePoint Action.

This Motion, filed across both cases seeking relief relating to multiple DCOs, is simply another step in Plaintiff's plan and should be rejected accordingly.

## ARGUMENT

Plaintiff's premature Motion is both procedurally and substantively defective, and should be denied for at least the following five reasons.

---

[2] Defendants will seek recourse should RWJB continue to multiply these proceedings. Incredibly, Plaintiff filed *yet another* letter yesterday restating its pending request for a Rule 16 conference despite the fact that Defendants still do not have access to the unsealed complaint. *See* Dkt. No. 23.

A. <u>**The Motion is Procedurally Defective**</u>.

*First*, as a threshold matter, Plaintiff's application is a discovery motion directed to the timing and scope of a proposed DCO. But it fails to comply with the local rules governing discovery motions, making it procedurally defective. L. Civ. R. 5.3(b) states that the "parties may enter into written agreements to keep materials produced in discovery confidential," and "may submit to a Judge an agreed-on form of order which embodies a written agreement as described above." More importantly, L. Civ. R. 5.3(b)(5) makes clear that "[a]ny <u>dispute regarding the entry of an order</u>, or the confidentiality of discovery materials under any order, under this section shall be brought before a Magistrate Judge <u>pursuant to L. Civ. R. 37.1(a)(1)</u>." (emphasis added). *See Doe P.B. v. Wyndham Hotels & Resorts, Inc.*, 750 F. Supp. 3d 484, 489 (D.N.J. 2024).

Local Rule 37.1, entitled "*Discovery Motions*," in turn, requires counsel to "confer to resolve any discovery dispute." *See* L. Civ. R. 37.1(a)(1). It also requires the filing of "an affidavit, or other document complying with 28 U.S.C. § 1746, certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement."[3] L. Civ. R. 37.1(b)(1).

Plaintiff has failed to comply with these mandates including the affidavit requirement. *Egersheim v. Gaud*, 2011 WL 13238543, at *9 (D.N.J. Mar. 30, 2011) ("Plaintiffs in this case have failed to comply with L. Civ. R. 37.1 by failing to certify that, as the moving party, attempts were made to confer with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court…") (internal quotations omitted);

---

[3] Moreover, "L. Civ. R. 7.1 shall apply to discovery motions, except that <u>no reply papers shall be allowed except with the permission of the Magistrate Judge</u>." L. Civ. R. 37.1(b)(3) (emphasis added). Thus, RWJB is not entitled to a reply without obtaining prior leave from the Court.

*Barton v. Mid-Atl. Flooring Ventures Inc.*, 2014 WL 6885976, at *3 (D.N.J. Dec. 4, 2014) ("[d]espite the Local Rule's clear mandate—'the motion shall'—Plaintiff produced none of the required items to support her motion.").

**B.  The Motion is Premature.**

*Second*, Plaintiff's Motion is premature. RWJB just filed this Action on November 14, 2025. Defendants have yet to file a responsive pleading. Plaintiff has not even served Defendants with the operative, unredacted Complaint. The negotiation and entry of a DCO should not take place before a responsive pleading—let alone before Defendants can even see the full allegations asserted against them.

That RWJB purportedly served *redacted* copies of the pleading is of no consequence, as those redactions are substantial enough to deprive Defendants of knowing the entirety of the allegations against them.[4] The recent *PCT* case is instructive here. *PCT Litig. Tr. v. Oval Labs, Inc.*, 2025 WL 2027049, at *2 (Bankr. D. Del. July 18, 2025). In *PCT*, the court explained that:

> In filing and serving the redacted complaint, the Plaintiff relies on a Stipulated Protective Order entered by the Court in the main bankruptcy case…The redactions in the filed complaint…are significant. The complaint redacts the names of certain declarants who testified to facts that make up the basis of the claims against the Defendants. Entire sections of questions and answers from depositions are redacted. Alleged correspondence is also redacted. <u>The Court finds the redaction of facts, including the identity of the declarants of such facts, in a complaint fundamentally unfair, and if permitted, would have the effect of preventing the Defendants from knowing fully the claims being made against them.</u> **Simply stated, it is unfairly prejudicial for a defendant to defend itself against claims without knowing the full contents of the complaint**. Not only is it prejudicial, but the redaction of the names of the declarants will cause needless expense and delay, with the burden shifting to the Defendants to serve discovery requests on every possible declarant in a hunt for who said what. <u>Under these circumstances, the Court finds service of process was insufficient.</u>

---

[4] Serving incomplete or heavily redacted pleadings likewise raises due process and notice concerns. *See, e.g., Royal Brush Mfg., Inc. v. United States*, 75 F.4th 1250, 1262 (Fed. Cir. 2023).

5

*Id.* (emphasis added).

Defendants are similarly prejudiced here.[5] RWJB attempts to minimize its redactions, calling them "limited." But the redactions are by no means limited. The pleading is substantially redacted with numerous pages almost entirely blacked out. A handful of those pages are reproduced below to demonstrate the vast extent of the omissions.



Dkt. No. 1 at 28–29, 32–36 *et seq*. How can Defendants litigate discovery issues, or even start discovery, when such large chunks of the pleading remain a mystery?

A DCO is typically negotiated in connection with the parties' Rule 26(f) conference leading up to the Court's Initial Conference—not prior to Rule 4 service and the filing of responsive pleadings. *See e.g.*, L. Pat. R. 2.1 ("[w]hen the parties confer pursuant to Fed. R. Civ. P. 26(f), the

---

[5] The redactions here are at least as significant as those in the *PCT* case. *See* Case No. 25-50438-JKS (Bankr. D. Del.) at Dkt. No. 1.

parties shall discuss and address [] the following topics" including "[t]he need for any discovery confidentiality order…").[6] Moreover, because Plaintiff's proposed DCO assumes that it will win its consolidation motion, any negotiation regarding cross-case discovery is premature and should be handled after the Court's decision on Plaintiff's pending consolidation request. Simply put, RWJB needs to stop filing serial requests and allow the Court to address its underlying leave and consolidation motions.

### C. The Motion Seeks to Upend the Parties' Stipulation.

*Third*, Plaintiff's request seeks to upend the Parties' Stipulation as to the timing of responsive pleadings, and in turn, the deadlines attendant thereto, including entry of confidentiality orders. Plaintiff recognized, as it must, that Defendants could not respond to such a heavily redacted complaint, and thus agreed by stipulation that "the time for Defendants to Answer or otherwise respond to Barnabas's Complaint ('Complaint') be extended from December 12, 2025 to no later than thirty (30) days after Barnabas provides a copy of the Unredacted Complaint in this Action to Defendants via email to Defendants' counsel." Dkt. No. 20. Plaintiff cannot change course now. A pleading that is too deficient to answer is likewise too deficient to trigger the start of discovery disputes.

### D. The Motion Also Rests on a Court-Rejected Premise.

*Fourth*, the Motion rests on arguments that this Court rejected weeks ago in the CarePoint Action. Plaintiff suggests the requested relief is needed here because "the Order would permit service of the sealed Complaint and permit this case to get off the ground." Motion at 4. But the Court recently dispelled of such logic. *See* CarePoint Action, Dkt. No. 355 ("the Confidentiality

---

[6] While this local rule is specific to patent cases, it is the only local rule that speaks to the proper timing of the negotiation and entry of a DCO and the same logic applies here. Of course, Plaintiff cites no authority to support its premature application.

Order entered in this case does not provide a basis for sealing judicial records…[t]he Confidentiality Order does not override the standards governing public access to court filings."). Regardless, recent filings in the CarePoint Action suggest that the redacted materials may relate to a third party. *See* CarePoint Action, Dkt. No. 352. Of course, Defendants have no idea whose purported information is currently sealed because they cannot see it.

### E. The Motion is Yet Another Attempt to Treat Separate Actions as Consolidated Cases.

*Fifth* and finally, RWJB's Motion is just another attempt to improperly treat this case and the CarePoint Action as consolidated matters despite having no directive from the Court to do so. Unless and until this Court grants Plaintiff's pending motion to consolidate, RWJB must treat these matters as separate actions.

To be clear, RWJB "bears the burden of proof on a motion to consolidate." *McGillvary v. Scutari*, 2024 WL 3878749, at *4 (D.N.J. Aug. 20, 2024); *Nedrick v. Cnty. of Salem*, 2024 WL 1110354, at *6 (D.N.J. Mar. 13, 2024). In determining whether to consolidate, courts consider the "interest of efficient and judicial economy gained through consolidation against the delay or expense that might result from simultaneous disposition of separate actions." *See, e.g.*, *Durso v. Samsung Elecs. Am., Inc.*, 2014 WL 1232332, at *1 (D.N.J. Mar. 24, 2014). Motions to consolidate should be denied where the common issue is not "a principal one, if it will cause delay in one of the cases, or will lead to confusion or prejudice in the trial of a case." *McGillvary*, 2024 WL 3878749, at *4. RWJB's pending consolidation motion falls woefully short of meeting this burden as explained in Defendants' operative opposition. Dkt. No. 14.

Plaintiff cannot circumvent this burden by simply filing a second, standalone case against Defendants and proposing cross-case discovery as if both cases were otherwise consolidated.[7]

## CONCLUSION

For the foregoing reasons, RWJB's Motion should be denied in its entirety and any negotiation of a DCO should take place during the Rule 26(f) conference—not before Defendants have access to the unsealed pleading. Likewise, this case and the CarePoint Action should be treated as separate cases unless and until the Court grants RWJB's pending motion to consolidate. Defendants will be happy to meet and confer to negotiate entry of a DCO in this case at the proper time—should we ever even get to that point. But Defendants must be able to view all allegations against them before having to litigate discovery issues—and Defendants need not solve the purported service problems that RWJB has created.

Respectfully submitted,

/s/ *Todd Nosher*

Steven I. Adler
Todd M. Nosher
Grant Petrosyan
**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
sadler@mblawfirm.com
tnosher@mblawfirm.com
gpetrosyan@mblawfirm.com
Phone: 973-736-4600
Fax: 973-325-7467

---

[7] This issue gives rise to yet another procedural defect in that RWJB—and without any Court order under Fed. R. Civ. P 42—effectively notices its Motion as a consolidated case and improperly seeks relief across two separate actions. Litigations remain procedurally independent absent a consolidation order. RWJB may not, by caption or joint filing, unilaterally treat this case and the CarePoint Action as consolidated and seek relief across both cases without a Rule 42 order. *See, e.g., Johnson Builders, Inc. v. United Bhd. of Carpenters & Joiners, Loc. Union No. 1095, AFL-CIO*, 422 F.2d 137, 138 (10th Cir. 1970) ("in the interest of orderly procedure consolidation should precede joint consideration of the cases on the merits…").

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of Defendant's Opposition to Plaintiff's "Motion to Amend/Correct the Confidentiality Order in the CarePoint Action and for Entry of a Confidentiality Order in the HRH Action," and any accompanying documents and materials were served on all counsel of record via CM/ECF on this 3rd day of February 2026.

Dated: February 3, 2026

/s/ *Todd M. Nosher*

Steven I. Adler
Todd M. Nosher
Grant Petrosyan
**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
sadler@mblawfirm.com
tnosher@mblawfirm.com
gpetrosyan@mblawfirm.com
Phone: 973-736-4600
Fax: 973-325-7467